Arthur F. Stockton (CA SBN 262655)
STOCKTON THORNTON LLP
27322 Calle Arroyo, Suite 36C
San Juan Capistrano, California 92675
Phone: (866) 682-8776
Facsimile (866) 207-4082
Email art@stocktonlawoffices.com

Attorneys for HASSAN A. and KAWSSAR K. KOBAISSI
Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re: | ) In Proceedings Under Chapter 11 |
| | ) |
| HASSAN A. KOBAISSI | ) Case No.: 2:09-bk-37760-BR |
| KAWSSAR K. KOBAISSI | ) |
| | ) **DEBTOR'S WRITTEN OPPOSITION TO** |
| Debtors and Debtors In Possession | ) **ORDER TO SHOW CAUSE WHY CASE** |
| | ) **SHOULD NOT BE DISMISSED FOR LACK** |
| | ) **OF PROSECUTION** |
| | ) |
| | ) DATE:   September 8, 2010 |
| | ) TIME:    10:00 AM |
| | ) CTRM:   1668 |
| | ) FLOOR: 16th |
| | ) |
| | )     Hon. BARRY RUSSELL |
| | ) |

To the Court, interested parties and their attorneys of record:

Hassan and Kawssar Kobaissi, the Debtors ("Debtors") filed their petition for Chapter 11 bankruptcy on October 12, 2009. The Debtors filed their proposed Plan of Reorganization and Disclosure Statement on December 22, 2010. Since that time and in the interest of efficiency and cost minimization, the Debtors have worked with their creditors, and their creditors' successors in interest, towards a consensual plan of reorganization.

At the April 27, 2010 disclosure statement hearing, the Court ordered that Debtors' to file a motion for confirmation of plan with supporting declarations by May 19, 2010. A confirmation hearing was then scheduled for June 30, 2010 at 10:00 a.m. in Courtroom 1668.

As of May 19, 2010, the Debtors were unable to file any such consensual plan. Negotiations had continued throughout May and June, and the wheels at the creditors were turning slowly due to the credit crisis. As the May 19, 2010 and June 30, 2010 deadlines approached, counsel for several creditors requested additional time to review the latest negotiations with their clients. In particular, Central Mortgage had just filed an objection and motion for stay relief that was scheduled to be heard on July 13, 2010. Second, an objection and motion for stay relief had been filed by Wells Fargo which had been scheduled to be heard simultaneous with the continued Disclosure Statement confirmation hearing on June 30, 2010. While the Wells Fargo stay relief motion had been resolved by stipulation, Wells Fargo had requested an additional 30 days from Debtor's counsel to resolve the final terms of their permanent loan for the Chapter 11 plan. In the interest of reaching a consensual plan and conserving the estate's assets, the Debtors were agreeable to the various requested extensions. Debtor's counsel and counsel for Wells Fargo had planned to make the extension request of the Court at the June 30, 2010, hearing.

After discussing the situation with your honor's assistant Marilyn, on June 29, 2010, and in advance of the pending hearing, the Debtors filed a voluntary status report with the Court apprising the Court of the challenges and pending negotiations. Had Debtor's counsel appeared at the hearing the next day, the Court would have been fully informed by all parties.

Unfortunately, however, Debtor's counsel had calendared the June 30, 2010, hearing for 11:00 am, as is evident from a quick review of the caption on the Status Report filed with the Court on June 29, 2010. The correct hearing time was 10:00 am. While Debtor's counsel would

439802.2

- 2 -

like to blame everyone in his office, and perhaps even the President and Congress for the error, the reality is that Debtor's counsel keeps his own calendar. Embarrassingly, Debtor's counsel was just inept, completely screwing up and making an unfortunate mistake on the hearing time. While Debtor's counsel would represent to this Court that similar errors have only happened to him several times in 26 years of practicing law, it is still extremely painful and humiliating to make such a mistake.

While Debtor's counsel missed the hearing, your honor's assistant, Marilyn, will confirm that Debtor's counsel did show up at the wrong appointed time, 11:00 am. At that appointed time, Marilyn dutifully informed Debtor' counsel of your honor's displeasure and the inevitable OSC which would result. Of course, Attorney Merdaud Jafarnia appeared for Green Tree Servicing LLC, and Attorney John Acierno appeared for Wells Fargo Bank at the correct hearing time of 10:00 am, further underscoring Debtors' counsel's stupid mistake.

On July 27, 2010, the Court correctly ordered sanctions against Debtor's counsel, essentially having him cover the legal fees of Mr. Jafarnia and Mr. Acierno ($950.00) for attending the missed hearing. Those sanctions were immediately paid by Debtor's counsel pursuant to the Court's order. *See* Declaration of Arthur Stockton forming Exhibit A hereto and by this reference incorporated herein.

Beyond Debtor's counsel's ineptness at keeping his calendar and missing this hearing, any other suggestion that this case was or is not being prosecuted by the Debtors is simply belied by the record, as can be ascertained by a quick review of the docket in this case. In fact, at the present time, all objections and stay relief motions have been addressed to the extent possible and incorporated into an amended plan which will be filed shortly and which remains largely consensual.

439802.2

- 3 -

Given the fact that Debtor's counsel has reimbursed the injured parties in the amount of $950.00, good use has been made of the additional time allotted and recognizing the further progress made in this case, the Debtors respectfully request that this Court refrain from any dismissal of this case due to Debtor's counsel's unfortunate error.

Dated this 25th day of August, 2010 at San Juan Capistrano, California.

/s/ Arthur F. Stockton
Arthur F. Stockton, Esq.
Counsel for Debtors
Hassan and Kawssar Kobaissi

439802.2

# EXHIBIT A
# DECLARATION OF ARTHUR F. STOCKTON, ESQ.

I, Arthur F. Stockton, Esq., have personal knowledge of the facts stated herein and hereby declare as follows:

1. I serve as counsel to the Debtor in this matter. I am submitting this Declaration in Support of the Debtor's Opposition to the Court's Order to Show Cause Why the Case should be Dismissed for Lack of Prosecution.

2. At the April 27, 2010 disclosure statement hearing, the Court ordered that Debtors' to file a motion for confirmation of plan with supporting declarations by May 19, 2010. A confirmation hearing was then scheduled for June 30, 2010 at 10:00 a.m. in Courtroom 1668.

3. As of May 19, 2010, the Debtors were unable to file any such plan. Negotiations had continued throughout May and June, and the wheels at the creditors were turning very slowly due to the credit crisis. As the May 19, 2010 and June 30, 2010 deadlines approached, counsel for several creditors contacted me and requested additional time to review the latest negotiations with their clients.

4. In particular, Central Mortgage had filed an objection and motion for stay relief that was scheduled to be heard on July 13, 2010 and negotiations for a resolution had just begun.

5. Second, an objection and motion for stay relief had been filed by Wells Fargo which had been scheduled to be heard simultaneous with the continued Disclosure Statement confirmation hearing on June 30, 2010. While the Wells Fargo stay relief motion had been resolved by stipulation, Wells Fargo had requested an additional 30 days from me to resolve the final terms of their permanent loan for the Chapter 11 plan. In the interest of reaching a consensual plan and conserving the estate's assets, the Debtors were agreeable to the various requested extensions. Counsel for Wells Fargo and I had planned to make the extension request of

439802.2

- 5 -

the Court at the June 30, 2010, hearing.

6. It was and continues to be my view that the Debtors and the estate save considerable expenses and legal fees by working towards a voluntary and consensual plan, rather than risk a contemptuous process, full of objections and acrimony.

7. After discussing the status with your honor's assistant, Marilyn, on June 29, 2010, and in advance of the pending hearing, I filed a voluntary status report with the Court advising the Court of the pending negotiations. Had I appeared at the hearing the next day, the Court would have been fully informed of the entire situation.

8. Unfortunately, however, I had calendared the June 30, 2010, hearing for 11:00 am, as is evident from a quick review of the caption on the Status Report I filed with the Court on June 29, 2010. The correct hearing time was 10:00 am. Embarrassingly, I keep my own calendar and I was just inept, completely screwing up and making an unfortunate mistake on the hearing time. I would represent to this Court that similar errors have only happened to me several times in 26 years of practicing law. Yet it is still extremely painful and humiliating to make such a mistake.

9. While I missed the correct and appointed hearing time, your honor's assistant, Marilyn, will confirm that I did show up at the wrong time, 11:00 am. At that appointed time, Marilyn dutifully informed me of your honor's displeasure and the inevitable OSC which would result. Of course, Attorney Merdaud Jafarnia appeared for Green Tree Servicing LLC, and Attorney John Acierno appeared for Wells Fargo Bank at the correct hearing time of 10:00 am, further underscoring my stupid mistake.

10. On July 27, 2010, the Court correctly ordered sanctions against me, essentially having me cover the legal fees of Mr. Jafarnia and Mr. Acierno ($950.00) for attending the missed hearing. I immediately paid these gentlemen pursuant to the Court's order.

439802.2

1    11.    Beyond my obvious ineptness at keeping my calendar and missing this hearing, any other suggestion that this case was or is not being prosecuted by the Debtors is simply belied by the record, as can be ascertained by a quick review of the docket in this case. In fact, at the present time, all objections and stay relief motions have been addressed to the extent possible and incorporated into an amended plan which will be filed shortly and which remains largely consensual.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Dated: August 25, 2010                           */s/ Arthur F. Stockton*
                                                                                  Arthur F. Stockton, Esq.

439802.2

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 27322 Calle Arroyo, Suite 36C, San Juan Capistrano, California 92675.

The foregoing document described as **DEBTOR'S WRITTEN OPPOSITION TO ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR LACK OF PROSECUTION** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I.     TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On August 25, 2010, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Gregory J Babcock on behalf of Creditor Green Tree Servicing, LLC, its assignees and/or successors
bknotice@mccarthyholthus.com

Russell Clementson on behalf of U.S. Trustee United States Trustee (LA)
russell.clementson@usdoj.gov

Joseph C Delmotte on behalf of Creditor Wells Fargo Bank, NA
ecfcacb@piteduncan.com

Angela M Fontanini on behalf of Creditor Wells Fargo Bank, NA
ecfcacb@piteduncan.com

Kevin Hahn on behalf of Creditor ONEWEST BANK, FSB
kevin@mclaw.org

William Malcolm on behalf of Creditor Central Mortgage Company
bill@mclaw.org

Ramesh Singh on behalf of Interested Party Courtesy NEF
claims@recoverycorp.com

Nathan F Smith on behalf of Creditor Central Mortgage Company
nathan@mclaw.org

Arthur F Stockton on behalf of Debtor Hassan Kobeissi
art@stocktonlawoffices.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

439802.2

- 8 -

Mitchell A Wrosch on behalf of Interested Party Courtesy nef
ecfcacb@piteduncan.com

**II.    SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served)**:** On August 25, 2010**,** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

**Hon. Barry Russell**
US Bankruptcy Court - Central District of California
255 E. Temple Street, Suite 1660
Los Angeles, CA 90012

**Office of United States Trustee**
725 S. Figueroa, Suite 2600
Los Angeles, CA 92501-2804

Has**san A. and Kawssar K. Kobaissi**
2926 Claremont Heights Drive
Claremont, California 91711-2235

**See Attached List**

**III.    SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on August 25, 2010, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*
   NONE

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated this 25th day of August, 2010

 /s/Arthur F. Stockton
Arthur F. Stockton, Esq.

439802.2

- 9 -